**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4932

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MICHAEL RAY JOHNSON, JR.,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:08-cr-00400-TDS-1)

Submitted: May 20, 2014      Decided: May 29, 2014

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Ray Johnson, Jr., appeals the district court's judgment revoking his supervised release and imposing a twenty-four-month prison term. Johnson challenges this sentence, arguing that it is substantively unreasonable. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence

2

imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

In this case, Johnson was sentenced to the applicable statutory maximum sentence of two years of imprisonment, see 18 U.S.C. § 3583(e)(3) (2012), and Johnson does not assert that the district court committed any procedural errors. Rather, he claims that his sentence is substantively unreasonable because it is "greater than necessary," 18 U.S.C. § 3553(a) (2012), to achieve the purposes of sentencing.

Upon review of the parties' briefs and the record, we conclude that the twenty-four-month prison sentence, which represents an upward variance from the advisory policy statement range of eight to fourteen months of imprisonment, is not substantively unreasonable. When a district court has imposed a variant sentence, we consider the reasonableness of imposing a variance and the extent of the variance. United States v. Tucker, 473 F.3d 556, 561 (4th Cir. 2007). "Generally, if the reasons justifying the variance are tied to § 3553(a) and are plausible, the sentence will be deemed reasonable." Id. (internal quotation marks and citation omitted). We conclude that the district court adequately explained its sentence and

3

appropriately relied on the relevant § 3553(a) factors in imposing the upward variance sentence, and that the twenty-four-month sentence is reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4